UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN H. WARFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:05-CV-714 JM |
| | ) |
| SGT. M. FISHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

John H. Warfield, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

> reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Warfield alleges that he wants to file "harassment charges" for "mental cruelty". Complaint at 1, docket # 1.

> 1) Sgt. M. Fisher has caused the petitioner to fear for his liberty and freedom.
> 2) Sgt. M. Fisher has come against the petitioner's spiritual belief, and caused the petitioner to seek psychological professional help to deal with being harassed, and
> 3) Sgt. M. Fisher sought the petitioner to be a snitch, yet, when the petitioner refuse to be a snitch, Sgt. Fisher, begin to assault, by pressuring the petitioner into feeling threaten for his liberty and personal safety.

Complaint at 1, docket # 1. These three paragraphs constitute the entire substantive portion of the two page complaint.

Mr. Warfield is a prisoner, therefore his liberty and freedom are restricted every minute of every day. Sgt. Fisher is accused of speaking to Mr. Warfield thereby causing him anxiety and fear. This might be unprofessional and it might even be penologically ineffective, but it does not violate Mr. Warfield's constitutional rights. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.")

2

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

**SO ORDERED**.

**ENTER**: December 2, 2005

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT